UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK ANTHONY JENKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | CIVIL DOCKET NO.  2:18-cv-03122 |
| | * | |
| ROBERT M. MURPHY, | * | SECT: |
| Former judge of the | * | |
| Louisiana Fifth Circuit Court of Appeal; | * | JUDGE: NJB |
| | * | |
| TIMOTHY O'ROURKE, Jefferson Parish | * | |
| Assistant District Attorney, Jefferson Parish | * | |
| Juvenile Court | * | MAG: JVM |
| | * | |
| Defendants | * | |
| | * | |

*******************************************

## AMENDMENT TO COMPLAINT

Petitioner MARK ANTHONY JENKINS has not yet served the Complaint filed on March 22, 2018, and requests that the Complaint be amended to add the following defendants, paragraphs and exhibits:

1. Under "named defendants" add:

"8 a.     Judge Baron Burmaster, a person of the full age of majority, a judge of the Jefferson Parish Juvenile Court, 1546 Gretna Blvd., Harvey, Louisiana, maintaining his office at that location, and acting in the name of the state and under the color of law at the time the events described herein occurred. He is being sued in his individual capacity.

8b.     Kristyl Treadaway, a person of the full age of majority, a private attorney, maintaining her office at 3008 20th Street, Suite A, Metairie, Louisiana, 70002. She acted under

color of law by acting under the direction of Judge Murphy and ADA O'Rourke. She is being sued in her individual capacity."

2. Add the following paragraphs:

"25 a. The district court's Judgment of February 4, 2015 was filed in the Juvenile Court record.  On April 27, 2015, Jenkins' motion for a clear statement in the Juvenile Court Minutes that there was no authentic act of acknowledgment was heard.  Judge Baron Burmaster, after seeing the February 4, 2015 Judgment stated that Jenkins was found not to be the **biological** father in district court.

31 a.  At the hearing that was set to determine legal paternity,  Treadaway argued that the Juvenile Court should refrain from ruling until the Fifth Circuit ruled on her "appeal."  She spoke rapidly and stated that Judge Steib ruled that Jenkins was not the legal father.  **Exhibit 23: page 4 lines 4-7 of transcript of Juvenile Court hearing on June 15, 2015**.  **She stated this before the judge who had set legal paternity for hearing for that day, and who knew that the district court judgment had decided biological paternity and not legal paternity.**

31 b.  At the hearing, ADA O'Rourke asked undersigned counsel, "So why have you been saying for three years that you're not going to seek reimbursement from the state?"  **Exhibit 23, p.23, l. 10-14**

31 c. Judge Burmaster commented that he did not have the whole case record before him because "**the Fifth Circuit has asked for our records." Exhibit 23, Transcript, p. 21, l. 29-32.** Judge Burmaster's remark explains what was happening and what was going to happen.  Judge Murphy's assistance was sought by ADA O'Rourke after the allegations of fraud and negligence against DCFS made in the amended petition.  Judge Murphy had advised Treadaway, O'Rourke, and Judge Burmaster on what to say and do in the hearing on June 15, 2015.

31 d.  Judge Burmaster knew that Judge Murphy was conspiring with Attorney Treadaway and ADA O'Rourke to have the opportunity to decide legal paternity.

31 e.  Judge Burmaster was told directly by Judge Murphy or through ADA O'Rourke not to decide the legal paternity issue.

31 f.  On June 15, 2015, Judge Burmaster knew that by not ruling on legal paternity that day he was enabling Judge Murphy to usurp the issue of legal paternity; decide it without subject matter jurisdiction; and deny Mark Anthony Jenkins' right to have notice and to be heard. He refused to rule on it.

2. Under section IV. COUNTS, add the following:

"**COUNT III.**

**42 U.S.C. 1983 , 1985, 1986, and 1988 AGAINST KRISTYL TREADAWAY**

**76** a.   Paragraphs 1 through 69 are incorporated herein by reference as though fully set forth.

76 b.   Kristyl Treadaway acting under color of law and as directed by Judge Murphy and ADA O'Rourke, acted with evil intent and callous indifference to a federally protected right in order to deprive Mark Anthony Jenkins of his Fourteenth Amendment rights to notice and to be heard.

76 c. As a direct and proximate result of her conspiracy with ADA Timothy O'Rourke and Judge Murphy, attorney Kristyl Treadaway prevented Mark Anthony Jenkins' from having her stipulation that there was no authentic act of acknowledgment before the court that decided legal paternity for the first time; and she was able to obtain a favorable judgment" for her client.

76.d.  Plaintiff Mark Anthony Jenkins claims damages for injury under 42 U.S.C. 1983, 1985, 1986, 1988, the Fifth and Fourteenth Amendments to the United States Constitution, against Kristyl R. Treadaway.

## COUNT IV

**42 U.S.C. 1983, 1985, 1986, and 1988 AGAINST JUDGE BARON BURMASTER**

76 e.    Paragraphs 1 through 69 are incorporated herein by reference as though fully set forth.

76 f.  Judge Burmaster knew that Treadaway's motion that he not rule on legal paternity was part of the conspiracy of Judge Murphy, Attorney Treadaway, and ADA O'Rourke to stop Juvenile Court from ever ruling on legal paternity; and to enable Judge Murphy to decide legal paternity in the absence of supervisory subject matter jurisdiction for the purpose of denying Jenkins' right to be heard.

76g. With that knowledge and by deciding not to rule on the legal paternity issue, over which he had jurisdiction, and which he had set for hearing, Judge Baron Burmaster participated in the conspiracy and acted under color of law with evil intent and callous indifference to a federally protected right in order to deprive Mark Anthony Jenkins of his Fourteenth Amendment rights to notice and to be heard.

76 h.  As a direct and proximate result of his failure to stand up to the pressure of Judge Murphy and rule on legal paternity on June 15, 2015, Judge Burmaster denied Mark Anthony Jenkins his right under the Fifth and Fourteenth Amendments to the United State Constitution to have notice and the opportunity to be heard caused.

76 i.  Plaintiff  Mark Anthony Jenkins claims damages for injury under 42 U.S.C. 1983, 1985, 1986, 1988, the Fifth and Fourteenth Amendments to the United States Constitution, against Judge Baron Burmaster."

3. **Add to page 4 of Complaint:**

 "**Exhibit 1**: the original Birth Certificate for Mark Anthony Jenkins Jr.

 **Exhibit 2**:  excerpt of Divorce Petition (page1)

**Exhibit 3**: excerpt of Family Support Order Recommendation ( page 4), and Order

**Exhibit 4**: in globo, excerpt from Department of Children & Family Services website (1page)

La. R.S. 46:236.1.2 and excerpt from 45 CFR 303.5 "

4. **Add to page 5 of the Complaint**:

"**Exhibit 5**: excerpt from transcript of Motions Hearing of January 16, 2013

**Exhibit 6**: statement from La. Dept. of Health and Hospitals

**Exhibit 7:** Petition for Revocation of Acknowledgment of Paternity, for Damages Due to Fraud Rule to Show Cause

**Exhibit 8**: Jenkins' Memorandum in Support of Motion for New Trial and Judgment on Motion for New Trial

**Exhibit 9**:  24th JDC's Judgment and Reasons"

5. **Add to page 6 of the Complaint**:

"**Exhibit 10**: Disposition of May 14, 2013

**Exhibit 12**: DNA Test Report on Sam Scott (sealed)

**Exhibit 13**: page 27 of Transcript Motions Hearing of January 16, 2013

**Exhibit 14**: Petition for Annulment of Juvenile Court Order for Support

**Exhibit 15**: Fax sheet and Request for Production in 24th JDC, 1/29/14; Request for Production and Interrogatories, 8/13/14 in Juvenile Court with Answers from ADA on 9/3/14 (sealed)

**Exhibit 16**: Minutes of Juvenile Court July 7, 2014 (sealed)

**Exhibit 17**: Minutes of Juvenile Court, Sept. 14, 2014"

6. **Add to page 7 of the Complaint:**

"**Exhibit 18**: Rule to Show Cause, October 15, 2014

**Exhibit 19**: Memorandum in Support of Exception of Prescription

**Exhibit 20**: 24th JDC Judgment, February 4, 2015

**Exhibit 21**: Minutes of Juvenile Court April 27, 2015

**Exhibit 22**: Plaintiff's Motion to Amend and the Third Amendment to the petition in 24th JDC May 28, 2015"

7. **Add to page 8 of the Complaint**:

" **Exhibit 23**: In globo: Treadaway's "Memorandum" (in support of a continuance) , Memorandum in Opposition to Continuance, Minutes of Juvenile Court May 15, 2015, excerpts from transcript of June 15, 2015 hearing"

**Add to page 9 of the Complaint:**

"**Exhibit 24**: Excerpt from Jackson's Writ Application of June 23, 2015

**Exhibit 25**: Excerpt from Opposition to Writ Application of June 30, 2015"

**Add to page 10 of the Complaint:**

" **Exhibit 26**: Disposition of Fifth Circuit court of Appeal, July 31, 2015"

**Add to page 11 of the Complaint**:

" **Exhibit 27**: Excerpts from Application for Writ of Certirari and denial of writ

**Exhibit 28:** September 15, 2015 letter faxed to O'Rourke and Treadaway

**Exhibit 29:** Treadawy's letter of complaint to Office of Disciplinary Counsel

**Exhibit 30:** Excerpt from Motion to Rebut Judicial Confession

**Exhibit 31**: Petition to Nullify rulings in the July 31, 2015 Disposition"

**Add to page 12 of the Complaint**:

"**Exhibit 32**: Excerpt from Appeal from Granting of Exceptions to the Petition to Nullify

**Exhibit 33**:  Ruling on Appeal with names of the panelists, and Excerpts from Disposition of Fifth Circuit ( Jenkins v. Jackson, 216 So.3d 1082 (La. App. 2017)

**Exhibit 34**: Excerpts from Application for Writ of *Certiorar*i"

**Add to page 14 of Complaint:**

  "**Exhibit 35**: Excerpts from Request for Reconsideration

**Exhibit 36**: Excerpts from Application for Writ of Certiorari with Denial"

**Add to page 19 of Complaint**

**Exhibit 37**: Birth Certificate as amended on the basis of February 4, 2015 Judgment, Voided Amended Birth Certificate"

WHEREFORE, plaintiff prays:

I. That this Amended Complaint be filed; and

II. For all of the relief originally sought in Prayers A with subsections through, and including B of the original complaint.

s/Cecelia Farace Abadie
Attorney for Mark Anthony Jenkins
20 White Drive
Hammond, Louisiana 70401
985-542-7859 phone &fax
cfabadie@gmail.com
