UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK ANTHONY JENKINS            CIVIL ACTION

VERSUS            NO. 18-3122

ROBERT M. MURPHY, *et al.*            SECTION: M (1)

**ORDER & REASONS**

Before the Court is a motion for new trial filed by plaintiff Mark Anthony Jenkins ("Jenkins"),[1] to which defendants Robert Murphy ("Murphy"), Barron Burmaster ("Burmaster") and Kristyl Treadway ("Treadway") respond in opposition,[2] and in support of which Jenkins replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

This action is a collateral attack on a state court judgment. The pertinent facts and procedural history of this case were fully recited in this Court's November 27, 2018 Order & Reasons granting the defendants' motions to dismiss,[4] and will not be restated herein.

Jenkins argues that this Court should reconsider its November 27, 2018 Order & Reasons in which it found that Jenkins' claims are barred by the *Rooker-Feldman* doctrine and dismissed his suit for lack of subject-matter jurisdiction.[5] Jenkins argues that this Court failed to consider his contention that the Louisiana court of appeal for the fifth circuit lacked jurisdiction to render its July 31, 2015 ruling on paternity, thereby making its decision void *ab initio* and not subject to

---

[1] R. Doc. 61.
[2] R. Docs. 62, 65 & 66.
[3] R. Doc. 69.
[4] R. Doc. 58.
[5] *Id.* at 13.

the *Rooker-Feldman* doctrine.[6] The defendants oppose Jenkins' motion for new trial arguing that he has not raised any manifest errors of law or fact or presented new evidence that would warrant granting a new trial.[7]

## II.   LAW & ANALYSIS

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).

Jenkins seeks to relitage a matter that was previously urged in his opposition to the motions to dismiss and that was resolved to his dissatisfaction. In ruling on the motions to dismiss, this Court considered whether the Louisiana court of appeal's July 31, 2015 ruling on paternity was void *ab initio*, and found that it was not.[8] Jenkins' motion for reconsideration points to no manifest error of law or fact or newly discovered evidence as would alter this conclusion.

## III.   CONCLUSION

Accordingly, IT IS ORDERED that Jenkins' motion for new trial (R. Doc. 61) is DENIED.

---

[6] R. Doc. 61-2.
[7] R. Docs. 62, 65 & 66.
[8] R. Doc. 58 at 12-13.

New Orleans, Louisiana, this 14th day of January 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE